IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM B. COOPER, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:09CV993-WKW |
| | ) | |
| DANNY M. HAYES, doing business as HAYES PROPERTIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 28, 2009, the pro se plaintiffs, William B. Cooper and Renata S. Cooper, filed this action against Danny M. Hayes, doing business as Hayes Properties, Inc. (Doc. No. 1.) The Coopers assert several claims related to their eviction from an apartment leased by Hayes Properties, Inc. Upon consideration of the pleadings and evidentiary materials in this case, the court concludes that this case should be dismissed.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible

point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

FED R. CIV. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

To the extent the plaintiffs challenge the outcome of their civil trial in the Houston County Circuit Court, their claims are due to be dismissed for lack of jurisdiction.[1] "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from

---

[1] Within their challenge to the outcome of the state court proceedings, the plaintiffs complain that defendant Hayes violated the Alabama Uniform Residential Landlord Tenant Act of 2007 and the Fair Landlord Tenant Act of 2009. Mere violations of state law, however, do not rise to the level of a (continued...)

exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 464 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar the Coopers from proceeding before this court with respect to their challenge to state court decisions as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 125 S.Ct. at 1201. Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

A review of the complaint demonstrates that the plaintiff does not assert any viable federal or constitutional claims. Thus, the court does not have federal question

---

[1](...continued)
constitutional violation. *See Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525 (11th Cir. 1987). As explained later in this recommendation, no basis for diversity jurisdiction exists so the court may not consider these state law claims.

jurisdiction over this matter. *See* 28 U.S.C. § 1331.

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The complaint indicates that all of the parties in this case are citizens of the State of Alabama. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to FED R. CIV. P. 12(b)(1) and 12(h)(3).

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before December 30, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous,

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of December, 2009.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE